IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02603-BNB

ALEX FRANK RODRIGUEZ,

     Plaintiff,

v.

DENVER SHERIFF'S SCHAEFFER,
STRAUCH,
SGT. MURPHY,
SGT. GARCIA,
KASANDRA CARLETON D.A.,
DEPUTY WOODARD,
JOHN DOE NURSE #1, and
JOHN DOE NURSE # 2,

     Defendants.

_____

ORDER OF DISMISSAL
_____

     Plaintiff, Alex Rodriguez, is in the custody of the Colorado Department of

Corrections at the Colorado State Penitentiary in Cañon City, Colorado.  He initiated this

action on September 23, 2013 by filing an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 [ECF No. 1] and a Motion and Affidavit for Leave to

Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Criminal

Case [ECF No. 3].

     On September 24, 2013, Magistrate Judge Boyd N. Boland reviewed the filings

and found that the documents were deficient and that it was unclear whether Mr.

Rodriguez was asserting civil rights claims or habeas corpus claims [ECF No. 4].  The

Court directed Mr. Rodriguez to cure certain enumerated deficiencies in this action

within thirty days.  Specifically, Mr. Rodriguez was ordered to submit either an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 or a Prisoner Complaint on the court-approved form.  [*Id.*]  Magistrate Judge Boland informed Mr. Rodriguez that habeas corpus claims attack the legality of the inmate's custody while civil rights claims challenge the conditions of a prisoner's confinement.  [*Id.*]  Mr. Rodriguez also was instructed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved forms.  [*Id.*]  Magistrate Judge Boland advised Mr. Rodriguez  that he may pay the $5.00 filing fee if he filed a habeas action, or the $400.00 filing fee if he filed a civil rights action instead of submitting the corresponding § 1915 motion and affidavit. [*Id.*]  Magistrate Judge Boland directed Mr. Rodriguez to obtain the court-approved forms, along with the applicable instructions, on this Court's website (with the assistance of his case manager or the facility's legal assistant), at www.cod.uscourts.gov.  [*Id.*]  Magistrate Judge Boland warned Mr. Rodriguez in the September 24 Order that failure to cure the designated deficiencies by the court-ordered deadline would result in dismissal of the action without further notice.  [*Id.*]

On October 7, 2013, Mr. Rodriguez filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [ECF No. 5] challenging the computation of his sentence.  On October 18, 2013, Mr. Rodriguez filed a Motion and Affidavit for Leave to Proceed on Appeal Under 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Criminal Case [ECF No. 9].  Magistrate Judge Boland issued a Minute Order on October 22, 2013, instructing Mr. Rodriguez to pay the $5.00 filing fee or submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a

2

Habeas Corpus Action on the court-approved form [ECF No. 10].  The Minute Order granted Mr. Rodriguez thirty days to cure the deficiency.

On October 28, 2013, Mr. Rodriguez instead filed an Amended Prisoner Complaint against eight defendants pursuant to 42 U.S.C. § 1983 asserting a claim for deliberate indifference in violation of the Eighth Amendment [ECF No. 11].

Mr. Rodriguez has not paid any filing fee or submitted a proper Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 as directed by the Court.  Furthermore, Mr. Rodriguez has not communicated with the Court since October 28, 2013.  This action therefore will be dismissed without prejudice.

Mr. Rodriguez is reminded that if he wishes to pursue a claim challenging the fact or duration of his confinement, he must do so in an application for habeas corpus.  In contrast, if he wishes to pursue a claim challenging the conditions of his confinement, he must do so in a separate civil rights action.  *See e.g., Palma-Salazar v. Davis,* 677 F.3d 1031, 1035 (10 th Cir. 2012).

Accordingly, it is

ORDERED that this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Alex Rodriguez to comply with the September 24, 2013 Order Directing Petitioner to Cure Deficiencies and the October 22, 2013 Minute Order, and for failure to prosecute.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Rodriguez has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Rodriguez files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED at Denver, Colorado, this __4th__ day of ___December___, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court